UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UTICA MUTUAL INSURANCE COMPANY, <br><br> Plaintiff, <br><br> vs. <br><br> CHAP ARNOLD INSURANCE AGENCY, LLC, *et. al*, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) Case No. 1:24-cv-00146-MTS |

## MEMORANDUM AND ORDER

This matter is before the Court on review of the file. Under this Court's Local Rules, "every party . . . in an action in which jurisdiction is based upon diversity under 28 U.S.C. § 1332(a), must file a Disclosure Statement." E.D. Mo. L.R. 2.09(A); *accord* Fed. R. Civ. P. 7.1. Each party's statement "must identify the name *and citizenship* of every individual or entity whose citizenship is attributed to that party . . . including all members [and] sub-members." *Id*. 2.09(B)(1) (emphasis added). The Court imposes this requirement "to determine recusal and jurisdictional issues." *Id.* 2.09(A).

On January 09, 2025, Defendant Chap Arnold Insurance Agency, LLC, filed an Amended Disclosure Statement identifying its members as Keystone Agency Partners, LLC ("Keystone"), and Arnold Procurements I, Inc. ("Arnold Procurements"). Doc. [33]. Defendant failed, however, to disclose the citizenship of these entities. The disclosure states only that Keystone is a "Delaware limited liability company" and that Arnold Procurements is a "Missouri corporation." *Id.* Because Defendant's citizenship—like all limited liability companies—is equivalent to that of all of its members, *see GMAC Com. Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir.

2004), Defendant cannot satisfy its disclosure requirement under Local Rule 2.09 until it sufficiently discloses the citizenship of Keystone, *see Hill v. Lowe's Home Ctrs., LLC*, 1:21-cv-00185-SRC, 2022 WL 1202363 at *3 (E.D. Mo. Apr. 22, 2022) (explaining that the Court "not only needs know the citizenship of each member of an LLC, but also the citizenship of any sub-member").* Similarly, Defendant must adequately disclose the citizenship of Arnold Procurements. *See* 28 U.S.C. § 1332(c)(1) (establishing that a corporation is a citizen of the state of its incorporation *and* the state where its principal place of business is located). The Court will thus require Defendant to file an amended disclosure statement that addresses these deficiencies. Failure to do so may result in the imposition of sanctions. *See* Fed. R. Civ. P. 16(f)(1)(C).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Chap Arnold Insurance Agency, LLC must file a Second Amended Disclosure statement, no later than **January 17, 2025**, consistent with this Memorandum and Order.

Dated this 10th day of January 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

* The Court further observes that, without this information as it existed at the time of filing, the Court cannot be sure of its own jurisdiction to preside over this action. *See James v. Moore*, 1:23-cv-00115-SNLJ, 2023 WL 4350944, at *1 (E.D. Mo. July 5, 2023) (noting the court could "be assured of its own jurisdiction" only after the states of citizenship of defendant LLC's members were specifically identified); *see also Grupo Dataflux v. Atlas Glob. Grp.*, 541 U.S. 567, 571 (2004) (explaining that diversity jurisdiction depends on the state of the facts at the time of filing).

To be abundantly clear, the disclosure requirement necessitates identifying the name and citizenship of Keystone's members and, if one of those members is an LLC or other unincorporated entity, the name and citizenship of that entity's members, partners, or trustees, as applicable. *See GMAC*, 357 F.3d at 828 (explaining that the citizenship of "an unincorporated entity depends on the citizenship of all the members").