UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UTICA MUTUAL INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 1:24-cv-00146-MTS ) |
| CHAP ARNOLD INSURANCE AGENCY, LLC, *et. al*, | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on review of the file. The Court has identified an issue concerning its subject matter jurisdiction. "Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) (citation omitted). Because Plaintiff Utica Mutual Insurance Company ("Utica") and Defendant Chap Arnold Insurance Agency, LLC ("Chap Arnold") have failed in their respective duties to either specifically allege or disclose Chap Arnold's citizenship, the Court will require those parties to file a joint, supplemental brief that establishes this Court's subject matter jurisdiction.

\*

Utica filed this action seeking a declaratory judgment to establish that it owes no duty to defend or indemnify Chap Arnold pursuant to relevant insurance agreement provisions. Doc. [1] at 6–7. In its Complaint, Utica asserts that this Court has diversity jurisdiction under § 1332(a) because "there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000." Doc. [1] ¶ 7; *see* 28 U.S.C. § 1332(a). To that end,

Utica plausibly alleges that it is a citizen of New York and Oregon and that Defendant Heartland Supported Living, Inc., is a citizen of Missouri. *Id.* ¶ 4, 6. But for Defendant Chap Arnold, Utica alleges only that Chap Arnold is "a Missouri limited liability company with its principal place of business in Cape Girardeau, Missouri," *id.* ¶ 5, and that its "sole member is KAI Midwest Risk Partners LLC, which is a Delaware limited liability company." *Id.* This is insufficient.

"The party seeking to invoke the jurisdiction of a federal court bears the burden to establish that jurisdiction exists." *May Dep't Stores Co. v. Wilansky*, 900 F. Supp. 1154, 1159 (E.D. Mo. 1995) (citation omitted). Where, as here, "jurisdiction is based on diversity of citizenship, the pleadings . . . must set forth with specificity the citizenship of the parties." *Barclay Square Properties v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990). The citizenship of a limited liability company is equivalent to "the citizenship of each of its members." *E3 Biofuels, LLC v. Biothane, LLC*, 781 F.3d 972, 975 (8th Cir. 2015). Sufficiently pleading an LLC's citizenship can be a complex endeavor because, if "any members of an LLC [] are themselves LLCs, partnerships or limited partnerships, information concerning their underlying members or partners must be alleged." *Haas as Tr. of Bira Rabushka Living Tr. v. Rabushka*, 4:23-cv-1304-RLW, 2023 WL 6879663, at *1 (E.D. Mo. Oct. 18, 2023); *see also Hill v. Lowe's Home Ctrs., LLC*, 1:21-cv-00185, 2022 WL 1202363 at *3 (E.D. Mo. Apr. 22, 2022) (explaining that the Court must know "the citizenship of **all** persons and entities within the ownership structure" (citing *Clark v. SL W. Lounge, LLC*, 4:18-cv-01223, 2019 WL 527781, at *2 (E.D. Mo. Feb. 11, 2019))).

Here, Chap Arnold's citizenship remains unknown because Utica has alleged nothing at all about the citizenship of Chap Arnold's "sole member," KAI Midwest Risk Partners, LLC

("KAI Midwest").  Doc. [1] ¶ 5.  Without this information, the Court cannot know whether the requirements of diversity jurisdiction under § 1332(a) are satisfied.  *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007) (explaining that no plaintiff can be a citizen of the same state where a defendant is a citizen).  Ultimately, the Court can be assured of its own jurisdiction only if Utica sufficiently pleads the identity and citizenship of Chap Arnold's members and, in turn, the identity and citizenship KAI Midwest's members, whoever they might be, such that complete diversity is apparent.  *See James v. Moore*, 1:23-cv-00115-SNLJ, 2023 WL 4350944, at *1 (E.D. Mo. July 5, 2023); *see also Fountain Plaza Fin., LLC v. Centrue Bank*, 4:14-cv-01388-AGF, 2014 WL 5420793 at *2–3 (E.D. Mo. Oct. 22, 2014).

Chap Arnold, for its part, has failed to satisfy the requirements placed upon it by the Eastern District of Missouri Local Rules.  As this Court previously explained, *see* Doc. [34], Local Rule 2.09(A) requires it to file a Disclosure Statement that identifies "the name *and citizenship* of every individual or entity whose citizenship is attributed to that party," E.D. Mo. L.R. 2.09(B)(1) (emphasis added); *accord* Fed. R. Civ. P. 7.1(a)(2).  Such statements permit the Court to determine "jurisdictional issues." *Id.* 2.09(A).  Chap Arnold has submitted three Disclosure Statements in this case; each one has been deficient.

The first statement pertained to "Chap Arnold Insurance, Inc.," rather than Chap Arnold Insurance, LLC, the named Defendant in this case.  Doc. [32].[1]  The second explained that Chap Arnold "merged and is now currently under the name KAI Midwest Risk Partners LLC."

---

[1] The Court notes that Chap Arnold has moved to consolidate this case with Case No. 1:24-cv-00152-SNLJ.  Doc. [13]. There, "Chap Arnold, Inc." sued Utica for its own declaratory judgment regarding related subject matter.  The two entities are apparently equivalent because, in its Motion, Chap Arnold asks the Court to consolidate the two actions and treat the Amended Complaint filed by "Chap Arnold, Inc." in that matter as a Counterclaim in this one.  *Id.* at 2. In any event, the Motion to Consolidate is now moot because Case No. 1:24-cv-00152-SNLJ was voluntarily dismissed.  *See* 1:24-cv-152-SNLJ, Doc. [13].

Doc. [33].  It further identified its members as Keystone Agency Partners, LLC, ("Keystone") and Arnold Procurements I, Inc., ("Arnold Procurements").  *Id.*  This second statement is insufficient for the same reasons discussed above—it fails to establish Chap Arnold's citizenship because it fails to identify the members of Keystone or their respective citizenships.  *See* Doc. [34] (explaining that "Defendant cannot satisfy its disclosure requirement under Local Rule 2.09 until it sufficiently discloses the citizenship of Keystone").  Additionally, the second statement identified Arnold Procurements solely as a "Missouri corporation" without any information regarding its principal place of business.  Doc. [33]; *cf.* 28 U.S.C. 1332(c) (establishing a corporation's citizenship as its state of incorporation and principal place of business).  Chap Arnold's latest disclosure cures the latter deficiency but not the former.  Doc. [35] (disclosing that Arnold Procurements's Missouri principal place of business but providing no information about Keystone's citizenship).

To summarize, Defendant Chap Arnold's citizenship remains unanswered question, and both parties have failed to provide an answer, either through factual allegations in the operative complaint or through required disclosure.  The Court cannot be assured of its jurisdiction until it is apparent that, at the time of filing,[2] "no defendant [held] citizenship in the same state where any plaintiff [held] citizenship."  *See Wagstaff & Cartmell, LLP v. Lewis*, 40 F.4th 830, 838–39 (8th Cir. 2022) (noting that "[t]he existence of federal jurisdiction ordinarily depends on the facts as they exist when the complaint is filed).  Therefore, the Court will require the parties to submit a joint brief, no later than **<u>Wednesday, February 12, 2025</u>**,

---

[2] Chap Arnold's Disclosure Statements speak of a merger, and it is unclear whether this merger occurred before or after Utica filed the present suit.  If the merger occurred before filing, Chap Arnold's post-merger citizenship is relevant, and if the merger occurred after filing, Chap Arnold's pre-merger citizenship is relevant.

that specifically and affirmatively establishes this Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a), as explained in this Memorandum and Order.  Failure to do so will result in dismissal of this action without prejudice for lack of subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Chap Arnold Insurance Agency, LLC, and Plaintiff Utica Mutual Insurance Company shall file a joint brief, no later than **Wednesday, February 12, 2025**, that specifically and affirmatively establishes this Court's subject matter jurisdiction, consistent with this Memorandum and Order.

**IT IS FURTHER ORDERED** that Defendant Chap Arnold Insurance Agency, LLC's Motion to Consolidate, Doc. [13], is **DENIED** as moot.

Dated this 5th day of February 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE