**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| UTICA MUTUAL INSURANCE COMPANY,   ) ) ) | |
| Plaintiff,   ) ) | |
| vs.   ) ) | Case No. 1:24-cv-00146-MTS |
| CHAP ARNOLD INSURANCE AGENCY, LLC, *et. al*,   ) ) ) ) | |
| Defendants.   ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of Defendant Chap Arnold LLC's ("Chap Arnold")'s Response to the Court's February 21, 2025, Order, Doc. [44], the parties' Joint Response to the Court's March 17, 2025, Show Cause Order, Doc. [46], and Plaintiff Utica Mutual Insurance Company ("Utica")'s unopposed Motion for Leave to Conduct Limited Jurisdictional Discovery, Doc. [38]. For the reasons that follow, the Court will grant Utica forty-five (45) days to conduct jurisdictional discovery concerning the citizenship of Defendant Chap Arnold, including the identity and states of citizenship of its members and sub-members.

\*

Whether this Court has subject matter jurisdiction over this matter has been a persistent issue. On July 30, 2024, Utica filed a Complaint asserting that this matter falls within the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. Doc. 1 ¶ 7. However, as the Court has previously explained, the Complaint fails to sufficiently allege

as much because it does not "set forth with specificity the citizenship of the parties." *Barclay Square Properties v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990); *see* Doc. [36] at 2.  More specifically, the Complaint fails to allege Chap Arnold's diverse citizenship because Utica "alleged nothing at all" about the citizenship of Chap Arnold's limited liability company members.  *See* Doc. [36] at 2; *see also E3 Biofuels, LLC v. Biothane, LLC*, 781 F.3d 972, 975 (8th Cir. 2015) (explaining that the citizenship of a limited liability company "is equivalent to the citizenship of each of its members").  As ever, "[t]he party seeking to invoke the jurisdiction of a federal court bears the burden to establish that jurisdiction exists." *May Dep't Stores Co. v. Wilansky*, 900 F. Supp. 1154, 1159 (E.D. Mo. 1995) (citation omitted).

The Court has also *repeatedly* explained that Chap Arnold has its own obligation, pursuant to the Federal Rules of Civil Procedure and the Eastern District of Missouri Local Rules, to "file a Disclosure Statement that identifies 'the name *and citizenship* of every individual or entity whose citizenship is attributed to [it as a] party." Doc. [36] at 3 (quoting Doc. [34]); *see also* E.D. Mo. L.R. 2.09(B)(1) (emphasis added); *accord* Fed. R. Civ. P. 7.1(a)(2).  Because Chap Arnold is a limited liability company, the Court instructed Chap Arnold to ensure that any Disclosure Statement it filed "include[d] not only its members, but also any members of members (i.e. first-tier sub-members), and the members of first-tier sub-members (i.e. second-tier sub-members), and so on, until it reveals the citizenship of all persons and entities within the ownership structure." Doc. [31].  Each Disclosure Statement that Chap Arnold has filed to date has been deficient.  *See* Doc. [36] at 3–4 (describing the deficiencies).

Because of the parties' independent obligations to either sufficiently allege or disclose Chap Arnold's citizenship, on February 5, 2025, the Court ordered Utica and Chap Arnold to file a joint brief "that specifically and affirmatively establishe[d] this Court's subject-matter jurisdiction." *Id.* at 4–5. On February 12, 2025, the parties filed their response, explaining that, before the instant action was filed, "Chap Arnold Insurance Agency, LLC was purchased by Keystone Agency Partners, LLC . . . and merged with KAI Midwest Risk Partners, LLC." Doc. [37] ¶ 3. The parties proceeded to list six levels of relevant limited liability companies, their members, and their sub-members, culminating in Keystone Agency Holdings, LLC. *Id.* ¶¶ 4–6. But because the parties provided no information concerning the membership of Keystone Agency Holdings, LLC, Chap Arnold's citizenship remained an open question. *See id.* ¶ 6; *see also Haas as Tr. of Bira Rabushka Living Tr. v. Rabushka*, 4:23-cv-1304-RLW, 2023 WL 6879663, at *1 (E.D. Mo. Oct. 18, 2023) (remarking that "[f]or any members of an LLC that are themselves LLCs, partnerships or limited partnerships, information concerning their underlying members or partners must be alleged"). Acknowledging that "additional information [was] necessary concerning the members of Keystone Agency Holdings, LLC, and any remaining limited liability companies and their respective members, in order to establish subject matter jurisdiction in this case," Utica contemporaneously filed its Motion seeking leave to take limited jurisdictional discovery regarding Chap Arnold's citizenship. Doc. [38].

On February 21, 2025, the Court set a Status Conference "to discuss the issue of this Court's subject matter jurisdiction." Doc. [36]. At that conference, and at Chap Arnold's request, the Court gave Chap Arnold fourteen days to "file a notice that specifically and

- 3 -

affirmatively (1) identifie[d] the members and sub-members that comprise its ownership structure and (2) disclose[d] those members and sub-members' states of citizenship so that [the] Court can fully determine whether the jurisdictional requirements of 28 U.S.C. § 1332(a) are satisfied in this matter." Doc. [41].  The Court also denied Utica's Motion seeking jurisdictional Discovery without prejudice, but it left open the possibility of granting jurisdictional discovery if Chap Arnold's response ultimately failed to supply the information that was required.

Chap Arnold provided its response on March 7, 2025.  Doc. [44-1].  In its briefing, Chap Arnold explains that Chap Arnold Insurance Agency LLC was formed in May of 2022, having previously been organized as Chap Arnold Insurance Agency, Inc. *Id.* ¶ 1. Chap Arnold Insurance Agency LLC was then sold to KAI Midwest Risk Partners LLC ("KAI Midwest")  on June 03, 2022. *Id.* ¶ 2.  Under the terms of that sale, the selling parties agreed to indemnify and hold KAI Midwest and its affiliates harmless for any obligations "existing or arising on or prior to" the date of sale. *Id.*  Chap Arnold argues that these indemnity provisions, together with the nature of the claim at issue here, establish Chap Arnold as a Missouri citizen for purposes of this lawsuit.  More specifically, because Arnold Procurements I, Inc., was the selling party, and because the subject matter of Utica's present claim arose prior to the sale, "Arnold Procurements I, Inc., owns the Asset [sic] Chap Arnold, LLC, that remains and has the claim and subject of the dispute before this Court." *Id.* ¶ 3.  As such, Chap Arnold argues that it is a Missouri citizen because Arnold Procurements I, Inc., is a Missouri corporation and its two shareholders are Missouri citizens. *Id.* ¶ 4.

Chap Arnold is mistaken.[2]  To repeat once more, "[t]he citizenship of a limited liability company is equivalent to 'the citizenship of each of its members,'" Doc. [36] at 2 (quoting *Barclay*, 893 F.2d at 969 (8th Cir. 1990), and the Court's subject matter jurisdiction is measured as of the time of filing,  *see Wagstaff & Cartmell, LLP v. Lewis*, 40 F.4th 830, 838–39 (8th Cir. 2022); *see also* Doc. [36] at 4.  As Chap Arnold's most recent submission makes abundantly clear, by the time this lawsuit was filed, KAI Midwest had purchased all the membership interest in Chap Arnold Insurance Agency, LLC.  Doc. [44-1] at 1 ("Membership Interest Purchase Agreement").  When that occurred, it appears KAI Midwest became Chap Arnold's sole member.  *See Hibbs v. Berger*, 430 S.W.3d 296, 314 (Mo. Ct. App. 2014) ("[I]ndividuals or entities that hold an ownership interest in a limited liability company are designated as 'members.'"); *cf.*  Doc. [1] ¶ 4 (alleging that KAI Midwest is Chap Arnold's sole member).  If true, Chap Arnold's citizenship is equivalent to that of KAI Midwest and, in turn, the members and sub-members that compose KAI Midwest's ownership structure.[3]  *See Haas*, 2023 WL 6879663, at *1.

---

[2] The indemnity obligations that Chap Arnold identifies might, for example, serve as a basis for third party practice in this matter, *see* Fed. R. Civ. P. 14(a)(1) ("A defending party may . . . serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it."), or a subsequent action for indemnity, but the Court disagrees that those obligations have any bearing on Chap Arnold's citizenship for purposes of federal subject matter jurisdiction.  *Cf. Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990) ("[W]e reject the contention that to determine, for diversity purposes, the citizenship of an artificial entity, the court may consult the citizenship of less than all of the entity's members.").  Nor do these indemnity obligations mean that Arnold Procurements I, Inc., is the real party in interest to this action such that its citizenship is relevant to the Court's analysis of subject matter jurisdiction.  *See Lewis v. Clarke*, 581 U.S. 155, 167 (2017) (describing the settled principle that the indemnity obligations of third parties "do[] not, as a general rule, influence the diversity analysis").

[3] The nature and extent of KAI Midwest's purchase of Chap Arnold may hold further significance for this case.  The Court takes judicial notice of a Notice of Merger, filed with the Missouri Secretary of State, indicating that Chap Arnold fully merged with KAI Midwest as a result of the buyout described above.  *See Am. Prairie Constr. Co. v. Hoich*, 560 F.3d 780, 796–97 (8th Cir. 2009) (citing Fed. R. Evid. 201(b)).  Further, the Notice lists KAI Midwest as the surviving entity of that merger.  When a merger is consummated, "[t]he surviving entity is liable for all the debts and obligations of each nonsurviving party." Mo. Rev. Stat. § 347.133(3).  By contrast, "the acquired company ceases to exist." *Kirk v. Shaeffler Grp. USA, Inc.*, 887 F.3d 376, 389 (8th Cir. 2018) (citing *Dodier Realty & Inv. Co. v. St.*

Having found that Chap Arnold's response to the Court's February 21, 2025, Order is insufficient, the Court will grant Utica leave to take jurisdictional discovery so that it may attempt to ascertain these jurisdictional facts for itself.  *See Jordan v. Charter Commc'ns, Inc.*, 4:19-cv-00035-SNLJ, 2019 WL 1409353, at *4 (E.D. Mo. Mar. 28, 2019) ("It is within the sound discretion of the district court whether or not to allow jurisdictional discovery.").  Utica will have forty-five days from the date of this order to undertake jurisdictional discovery necessary to ascertain Chap Arnold's citizenship for purposes of federal subject matter jurisdiction.  *See Clark v. SL Western Lounge, LLC*, 4:18-cv-01223-JCH, 2018 WL 11433473, at *2 (E.D. Mo. Sept. 17, 2018) (granting plaintiff "forty-five days to conduct limited discovery for the purpose of obtaining jurisdictional facts establishing the citizenship of the members" of defendant LLC).  This necessarily includes discovery seeking the names and citizenship of the members and sub-members that compose the ownership structure of KAI Midwest.

Following the discovery period, Utica must file an amended Complaint that sufficiently alleges this Court's subject matter jurisdiction.  *See* 28 U.S.C. § 1653 (allowing courts to permit amendments concerning defective jurisdictional allegations).  Failure to do so will result in dismissal of this action without prejudice for lack of subject matter jurisdiction.  *See* Fed. R. Civ. 12(h)(3); *see also Kokkonen v. Guardian Life Ins. Co. of*

---

*Louis Nat'l Baseball Club*, 238 S.W.2d 321, 324–25 (Mo. 1951)).  To date, neither party has raised a Rule 19 issue on this basis. S*ee* Fed. R. Civ. P. 19(a)(1) (setting forth when a person or entity "must be joined as a party").  But this is of no moment for present purposes because, either as Chap Arnold's sole member or as the surviving entity post-merger, the Court must know the citizenship of KAI Midwest if this case is going to proceed in this forum.  *See* 13F Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3623 (3d ed.) (explaining that when two entities merge, "the citizenship of the surviving entity is controlling; the citizenship of the predecessor company becomes irrelevant").

*Am.*, 511 U.S. 375, 377 (1994) ("It is to be presumed that a cause lies outside [a federal court's] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." (citations omitted)).

Accordingly,

**IT IS HEREBY ORDERED** that the Court's Order denying without prejudice Plaintiff Utica Mutual Insurance Company's Motion for Leave to Conduct Limited Jurisdictional Discovery is **VACATED**.

**IT IS FURTHER ORDERED** that Plaintiff Utica Company's Motion for Leave to Conduct Limited Jurisdictional Discovery, Doc. [38], is now **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff Utica Mutual Insurance Company shall have forty-five (45) days from the date of this Order to conduct jurisdictional discovery necessary to ascertain the citizenship of Defendant Chap Arnold Insurance Agency, LLC, including the names and citizenship of the members and sub-members of KAI Midwest Risk Partners, LLC, for purposes of this Court's subject matter jurisdiction.

**IT IS FURTHER ORDERED** that, no later than seven (7) days following the close of jurisdictional discovery, Plaintiff shall file an amended complaint that sufficiently alleges this Court's subject matter jurisdiction.

**IT IS FURTHER ORDERED** that Defendant Chap Arnold's Motion for Leave to File under Seal, Doc. [43], is **GRANTED**.  The Clerk of Court is respectfully directed to maintain Document 44 and Document 44-1 under seal indefinitely.

**IT IS FURTHER ORDERED** that Defendant Chap Arnold's Motion for a Protective Order, Doc. [42], is **DENIED** without prejudice.  Any future Motion in this

regard must contain language that allows for and contemplates compliance with Eastern District of Missouri Local Rule 13.05.

**IT IS FINALLY ORDERED** that the Court's March 17, 2025, Order to Show Cause is hereby resolved. Accordingly, the parties' Joint Motion for a Conference Call regarding the Show Cause Response, Doc. [46], is **DENIED** as moot.

Dated this 5th day of May 2025.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE